UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTINA STEWARD WARD,

                Plaintiff,

        -against-

COHEN MEDIA PUBLICATIONS LLC, COHEN
MEDIA GROUP LLC, and COHEN BROTHERS
REALTY CORPORATION,

                Defendants.

Case No. 1:22-cv-06431 (JLR)

**<u>ORDER</u>**

JENNIFER L. ROCHON, United States District Judge:

As stated at the conference held on June 26, 2024, the Court orders as follows:

- No later than **June 28, 2024**, Defendants shall provide Plaintiff with the last known contact information for Richard Cohen (including any phone numbers, physical addresses, and email addresses). The Court notes that during the June 26 conference, counsel for Defendants stated that his firm represents Charles Cohen and Steven Cherniak but does *not* represent Richard Cohen.

- No later than **July 12, 2024**, Defendants and the subpoenaed third parties (namely, Charles Cohen and Steven Cherniak) must produce all outstanding documents, electronically stored information ("ESI"), and other materials requested by Plaintiff. Plaintiff represented without contradiction that on April 18, 2024, Defendants stated "that the latest version of the ESI protocol was agreed upon, and that Defendants' document production would be rolling and would be done by May 31, 2024." ECF No. 49 at 2 (emphasis omitted). Notwithstanding this, no documents were produced by Defendants. Furthermore, the third parties have not produced documents responding to the subpoenas with which the Court ordered compliance on April 11, 2024.

- No later than **September 30, 2024** (and likely during the month of September), Charles Cohen and Steven Cherniak must appear for a deposition by Plaintiff. The Court notes that these depositions were scheduled to be held this week, prior to the close of fact discovery, as properly noticed by Plaintiff, and that Defendants did not inform Plaintiff that Charles Cohen and Steven Cherniak would not be attending their depositions until June 25, 2024. Counsel for Defendants should have contacted Plaintiff sooner regarding scheduling; counsel certainly should *not* have entirely failed to respond to Plaintiff's deposition notices or to Plaintiff's attempts to confer regarding ESI production. The Court is disappointed by this lack of professionalism by counsel for Defendants, even if, as counsel represented during the June 26 conference, it is the result of the lack of communication from their clients.

- No later than **September 30, 2024**, Defendants may take the deposition of Plaintiff, provided that it is held after the depositions of both Charles Cohen and Steven Cherniak.  This extension is granted to permit the case to be decided on the merits, despite the fact that Defendants have still not noticed Plaintiff's deposition ahead of the scheduled close of discovery on June 28, 2024.

- By **August 1, 2024**, the parties shall agree upon a schedule for the depositions of Charles Cohen, Steven Cherniak, and Plaintiff.

In addition to confirming these deadlines, the Court stresses that Defendants and subpoenaed third parties are not free to ignore the Court's orders.  Defendants have not abided by their discovery obligations under the prior scheduling order entered by this Court (ECF No. 48).  Defendants' noncompliance has necessitated an extension of the time for discovery and specific Court-ordered new deadlines for production of outstanding documents and depositions.  During the June 26 conference, Defendants' counsel did not present any acceptable excuse for Defendants' failure to abide by the prior schedule, pointing only to a lack of cooperation by their clients.

A district court has statutory, rule-based, and inherent authority to ensure compliance with its orders, including discovery-related orders.  *See, e.g.*, Fed. R. Civ. P. 37 (addressing sanctions for, among other things, failure to cooperate in discovery or comply with court orders); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002) ("Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs.").  Defendants are reminded that a district court may enter default judgment if a defendant repeatedly refuses to obey a court's discovery-related orders.  *See, e.g.*, *Mirlis v. Greer*, 80 F.4th 377, 381-83 (2d Cir. 2023); *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 450-54 (2d Cir. 2013); *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 146-49 (2d Cir. 2010).  Charles Cohen,

Steven Cherniak, and Defendants are warned that the Court will not tolerate further

obstructionism.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 49.

Dated: June 27, 2024
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge